UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIRECTV, Inc. | ) | Case No:03-30279-MAP |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES P. MURRAY, | ) | |
|     Defendant. | ) | |

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

## ANSWER AND DEMAND FOR JURY TRIAL

The Defendant James P. Murray answers the allegations of the Plaintiff's Complaint as follows:

### First Defense

### (INTRODUCTON:

### DIRECTV AND THE SATELLITE TELEVISION BROADCASTING BUSINESS)

1.  The Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint.

2.  The Defendant is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint.

3.  The Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint.

4.  The Defendant is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint.

5. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint.

6. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint.

### (DIRECTV'S SECURITY SYSTEM)

7. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint.

8. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint.

9. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint.

10. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint.

11. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint.

12.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint.

13.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint.

14.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint.

15.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint.

## (PARTIES)

16.     The Defendant denies that he purchased Pirate Access Devices from Shanty; that he purchased, possessed, imported, modified, manufactured, assembled and/or used any Pirate Access Device; denies that his activities violate federal telecommunication and wiretapping laws and state statutory and common law; denies that he decided to obtain one or more Pirate Access Devices; and denies that he continues to possess and/or use a Pirate Access Device. The Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 16 of the Complaint.

17. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint.

18. The Defendant admits that he is currently a resident of this District but denies the remaining allegations of Paragraph 18 of the Complaint.

19. The Defendant admits that he is a resident of Ludlow, MA, but denies the remaining allegations of Paragraph 19 of the Complaint.

20. The Defendant denies the allegations of Paragraph 20 of the Complaint.

21. The Defendant denies the allegations of Paragraph 21 of the Complaint.

22. The Defendant denies the allegations of Paragraph 22 of the Complaint.

23. The Defendant denies the allegations of Paragraph 23 of the Complaint.

### (SUBJECT MATTER JURISDICTION)

24. The Defendant is not required to answer Paragraph 24 since it merely states a conclusion of law. To the extent it makes any allegations of fact, the Defendant denies said allegations.

25. The Defendant is not required to answer Paragraph 25 since it merely states a conclusion of law. To the extent it makes any allegations of fact, the Defendant denies said allegations.

### (VENUE)

26. The Defendant admits he is a resident of the District, does not respond to the conclusions of law stated in Paragraph 26 since he is not required to do so, and denies any remaining allegations of fact.

### (COUNT I)
### UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS
### IN VIOLATION 47 U.S.C. §605(a)

27. The Defendant incorporates by reference his responses to Paragraphs 1 through 26, supra, and restates the same as if originally stated herein.

28. The Defendant denies the allegations of Paragraph 28 of the Complaint.

29. The Defendant denies the allegations of Paragraph 29 of the Complaint.

30. The Defendant denies the allegations of Paragraph 30 of the Complaint.

## (COUNT II)

## (UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. §2511(1))

31. The Defendant incorporates by reference his responses to Paragraphs 1 through 30, supra, and restates the same as if originally stated herein.

32. The Defendant is not required to answer Paragraph 32 since it merely states a conclusion of law. To the extent it makes any allegations of fact, the Defendant denies said allegations.

33. The Defendant denies the allegations of Paragraph 33 of the Complaint.

34. The Defendant denies the allegations of Paragraph 34 of the Complaint.

35. The Defendant denies the allegations of Paragraph 35 of the Complaint.

## (COUNT III)

## (ASSISTING IN THE UNAUTHORIZED USE/INTERCEPTION SIGNALS IN VIOLATION OF TITLE 47 U.S.C. §605)

36. The Defendant incorporates by reference his responses to Paragraphs 1 through 35, supra, and restates the same as if originally stated herein.

37. The Defendant denies the allegations of Paragraph 37 of the Complaint.

38. The Defendant denies the allegations of Paragraph 38 of the Complaint.

39. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint.

40. The Defendant denies the allegations of Paragraph 40 of the Complaint.

41. The Defendant denies the allegations of Paragraph 41 of the Complaint.

42. The Defendant denies the allegations of Paragraph 42 of the Complaint.

**(COUNT IV)**

**(ASSEMBLY, MANUFACTURE AND/OR MODIFICATION OF DEVICES OR EQUIPMENT IN VIOLATION OF TITLE 47 U.S.C. §605)**

43. The Defendant incorporates by reference his responses to Paragraphs 1 through 42, supra, and restates the same as if originally stated herein.

44. The Defendant denies the allegations of Paragraph 44 of the Complaint.

45. The Defendant denies the allegations of Paragraph 45 of the Complaint.

46. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint.

47.  The Defendant denies the allegations of Paragraph 47 of the Complaint.

48.  The Defendant denies the allegations of Paragraph 48 of the Complaint.

### PRAYER FOR RELIEF

The Defendant is not required to respond to the "Prayer for Relief", but in so far as it makes factual allegations, denies same. Moreover, the Defendant respectfully requests that this Court DISMISS the Counts of the Complaint against him.

### Second Defense

The Plaintiff's claims are barred by the applicable statute of limitations.

### Third Defense

The Plaintiff's claims are barred by the doctrine of laches.

### Fourth Defense

The Plaintiff's claims must fail because of lack of jurisdiction over the subject matter of this Complaint.

### Fifth Defense

The Plaintiff's claims must fail because of lack of personal jurisdiction.

### Sixth Defense

The Plaintiff's claims must fail due to improper venue.

### Seventh Defense

The Plaintiff's claims must fail due to insufficiency of process.

### Eighth Defense

The Plaintiff's claims must fail due to insufficiency of service of process.

### Ninth Defense

The Plaintiff's claims must fail because the Complaint fails to state a claim upon which relief can be granted.

### Tenth Defense

The Plaintiff's claims in this action are barred because the damage and loss alleged by it resulted from its own conduct and not by that of the Defendant or caused by the conduct of other persons or events for which the Defendant is not responsible.

### Eleventh Defense

The Plaintiff has failed to mitigate its alleged damages.

### Twelfth Defense

The Defendant states that if the Plaintiff was damaged as alleged, such was due to the act or neglect of another, which constitutes an intervening, superseding cause, wherefore the Defendant is not liable.

### Thirteenth Defense

The Plaintiff has misnamed the Defendant as a party and the named Defendant is not the proper party to this action.

### Fourteenth Defense

The Defendant gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such other defense.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be dismissed and that judgment be entered for the Defendant on all counts.

**THE DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS**

THE DEFENDANT
JAMES P. MURRAY

BY: _____
THOMAS A. KENEFICK, III, ESQ.
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000 - telephone
(413) 731-1302 - facsimile
BBO #267620

Date: April 2, 2004.

## Certificate of Service

I, Thomas A. Kenefick, III do hereby certify that on April 2, 2004, the foregoing was served on the Plaintiff by U.S. First Class Mail, postage pre-paid, to:

John M. McLaughlin, Esq.
McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060

_____
THOMAS A. KENEFICK, III